IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEFFREY PAUL GALERA,<br><br>            Plaintiff,<br><br>     vs.<br><br>SERVCO CHEVROLET; HAWAII MEDICAL SERVICE ASSOCIATION; QUEENS MEDICAL CENTER; DR C. KLEM; and STATE OF HAWAII,<br><br>            Defendant. | CIVIL NO. 22-00001 SOM/RT<br><br>ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED *IN FORMA PAUPERIS* |

**ORDER DISMISSING COMPLAINT; ORDER DENYING
AS MOOT APPLICATION TO PROCEED *IN FORMA PAUPERIS***

**I.        INTRODUCTION.**

On January 3, 2022, Plaintiff Jeffrey Paul Galera filed a Complaint for a Civil Case and an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). *See* ECF Nos. 1-2. Pursuant to 28 U.S.C. §§ 1915(e)(2), this court has screened the Complaint and determined that it fails to state a claim on which relief may be granted. Accordingly, the court dismisses the Complaint and denies the IFP Application as moot.

**II.       FACTUAL BACKGROUND.**

Galera's Complaint contains almost no factual allegations, alleging only that "SERVCO CHEROLET * CONSPIRACY & RACKETEERING COVERING UP CONSPIRACY WITH MEDICAL INSTITUTIONS AND MD, DO, M.D. ALL PAID BY HMSA INSURANCE & OHANA [illegible] TO INCIDENT STARTING WITH A CAR TO RUIN MY LIFE SINCE 1987. TO

PRESENT." ECF No. 1, PageID # 5. Galera seeks general, treble, and punitive damages "FOR PERGERY [sic] and FEDERAL VIOLATIONS AND CRIMES. RETALIATION PROMISE AND CONDITIONS. WILL WAIVE CLAIM WITH STATE OF HAWAII IN RETURN FOR PARENTS STATE TRO & FALSE AMOUNTS OF CHILD SUPPORT." *Id.*, PageID # 6.

**III.    STANDARD.**

To proceed *in forma pauperis*, Galera must demonstrate that he is unable to prepay the court fees, and that he sufficiently pleads claims. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). The court therefore screens Galera's Complaint to see whether it is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (the *in forma pauperis* statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . . Examples of the latter class . . . are claims describing fantastic or delusional scenarios.").

**IV.    ANALYSIS.**

There are almost no factual allegations in Galera's Complaint, much less allegations supporting a viable claim. As

2

noted in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the factual allegations in a complaint, when assumed to be true, must be enough to raise a right to relief above the speculative level. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint is required to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677.

Galera's allegations are so limited and unclear that they do not indicate what claims are being asserted and why. For that reason, Galera cannot be said to have asserted any viable claim; his Complaint is dismissed. Galera's IFP Application is denied as moot.

**V.      CONCLUSION.**

Galera's Complaint is dismissed, and the IFP Application is denied as moot. **The court grants Galera leave to file an Amended Complaint that states a viable claim no later than January 31, 2022.** Galera may submit another IFP Application at that time. Failure to file an Amended Complaint by January 31, 2022, as well as to pay the applicable filing fee or submit a new IFP Application, will result in the automatic dismissal of this action.

The court provides some guidance to Galera if he decides to file an Amended Complaint. First, Galera should attempt to write as legibly as possible. If this court cannot read Galera's writing or follow his thought process, important information may be missed. If Galera uses a court form from this court's website, he may, of course, submit additional pages. Such forms are available at https://www.hid.uscourts.gov/dsp_Forms.cfm?CatID=2&SubCatID=5&pid=27&mid=113. The Clerk of Court is directed to send Galera Forms Pro Se 1 and 15, but the court notes that other forms may be more applicable and that Galera is not required to use a court form.

Second, Galera should identify each Defendant and state in simple language what each Defendant allegedly did and what statute, law, or duty was supposedly breached by the Defendant. In other words, Galera should allege facts with respect to what

each Defendant allegedly did and what each Defendant should be held liable for.

Finally, Galera should articulate the relief he is seeking.  That is, if he is seeking monetary damages or prospective injunctive relief, he should say so clearly and identify the Defendant(s) from whom he is seeking such relief.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 3, 2022.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Galera v SERVCO Chevrolet, et al.*, Civ. No. 22-00001 SOM/WRP; ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS